S AW

9

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JAMES MOORE,
    PETITIONER,
VS.
UNITED STATES,
    RESPONDENT.

CASE NO. 07-4776

JUDGE: _____

## AMENDMENT TO ORIGINAL BRIEF

    Inthat an original Brief has been filed, in accordance with FRAP 31(a), and Petitioner, wishing to Amend said arguments presented to this Honorable Court, has moved the Court to alter the Court Briefing Schedule and requested permission, as Pro Se to submit this Addendum. This Addendum, thus filed in Pro Se manner, is doen so with all the consideration under Federal Rules of Appellate Procedure, his being untrained in the law and proper language this Court is used to in a formal Brief in a Direct Appeal. Petitioner thus begs the Court's indulgence in this, as he presents the arguments deemed necessary for preservation and deliberation before this Court.

FILED
NOV 30 2009
U.S. Court of Appeals
Fourth Circuit

RECEIVED 2009 NOV 30 AM 9:50 FOURTH CIRCUIT

LEGAL ARGUMENTS

1)   SPEEDY TRIAL VIOLATION

Under Zedner vs. US, (2006), 547 US 489, 164 L.Ed.2d 749, 126 S.Ct. 1976, this applies;

In a Federal Criminal Prosecution, the Speedy Trial Act, (18 USCS §§ 3161, et. seq.), was violated by a 91-day continuance granted by a Federal District Court, as:

The continuance, by itself, exceeded the maximum 70-day delay generally provided in 18 USCS §3161(c)(1).

The Defendant is not judicially estopped from challenging the excludability of the continuance.

The Continuance was not validly excluded under 18 USCS §3161(h)(8), on the proported ground that the 'ends-of-justice' served by granting the continuance outweighed the public's and Defendant's interests in a Speedy Trial, where - contrary to the requirements of 18 USCS §3161(h)(8) - the District Court had never made express findings on the record about the ends-of-justice balance.

18 USCS §3161(h)(8)(A) requires that when a District Court granted such a continuance, the Court had to set forth, in the record of the case, the Court's reasons for finding that the ends-of-justice (a) were served, and (b) outweighed other interests.

The argument that the District Court's failure to make the prescribed findings may properly be excused as harmless error is hard to square with the Act's categorical terms in (a) 18 U.S.C. § 3161(c)(1), generally requiring a trial's timely commencement, (b) 18 U.S.C. § 3161(h)(8)(A), generally requiring such findings to be made and (c) 18 U.S.C. §3162(a)(2), generally requiring (on motion of the Defendant) a dismissal for untimeliness.

18 U.S.C. §3162(a)(2) in effect provides that if a trial does not begin on time, and if a Federal Criminal Defendant files a meritorious

FILED

NOV 3 0 2009

U.S. Court of Appeals
Fourth Circuit

and timely motion to dismiss, then a Federal District Court must dismiss the charges, although the Court may chose - taking into account some specific factors - whether to dismiss with or without prejudice.

Under Third Circuit, US vs. Law, (2007), 526 F.Supp.2d 513;

Any unexcluded Speedy Trial time for a dismissed prosecution is carried over to a reprosecution, per 18 U.S.C. §3161(c)(1)(h).

We hold that the 91-day continuance granted in this matter was not excluded from Petitioner's Speedy Trial clock. Because this continuance by itself exceeded the maximum 70-day delay provided in § 3161(c)(1), the Act was violated, and we need not address whether any other periods of delay during Petitioner's case were not excludable. The sanction for a violation of the Act is dismissal.

See: US vs. Lattany, 982 F2d 866, 871 (3rd Cir. 1992);

The Speedy Trial Act clock stops at the point the Court dismissed Defendant's indictment upon Motion by the Government. See: 18 U.S.C.S. § 3161(h)(6), ("If the information or indictment is dismissed upon Motion of the Attorney for the Government and thereafter a charge is filed against the Defendant for the same offense... any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge, had there been no previous charge, is excluded.")

When the government reindicted Defendant, however, it was not entitled to a new seventy-day window in which to bring the case to trial. Rather, as the Government conceeded, "any unexcludable Speedy Trial time for the dismissed Prosecution is carried over to a reprosecution." US vs. Giambrone, 920 F2d 176, 179 (2nd Cir. 1990); See also: US vs. Abdush-Shakur, 465 F3d 458, 463, note 4. (10th Cir. 2006); US vs. Hoslett, 998 F2d 648, 658 (9th Cir. 1993); US vs. Leone, 823 F2d 146, 248 (8th Cir. 1987).

#3

The Act requires that when a District Court grants an ends-of-justice continuance, it must "set forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends-of-justice are served and they outweigh other interests, 18 U.S.C.S. § 3161(h)(8)(A). Although the Act is clear that the findings must be made, if only in the Judge's mind, before granting the continuance (the continuance can only be "granted... on the basis of the Court's findings"), the Act is ambiguous on precisely when those findings must be "set forth, in the record of the case." However, this abiguouty is resolved, at the very least the Act implies, that those findings must be put on the record by the time a District Court rules on a Defendant's Motion to dismiss under §3162(a)(2). In ruling on a Defendant's Motion to dismiss, the Court must tally the unexcluded days. This, in turn, requires identifying the excluded days. But 18 U.S.C.S. § 3161(h)(8)(A) is explicit that "no... period of delay resulting from a continuance granted by the Court in accordance with this paragraph shall be excludable... unless the Court sets forth... its reasons for its findings." 18 U.S.C.S. § 3161(h)(8)(A) is not satisfied by a District Court's passing reference to the case's complexity in its ruling on Petitioner's Motion to dismiss.

This Court should evaluate this Petitioner's Court Docket and then check for a Speedy Trial Violation, which did occur in this case.

#4

LEGAL ARGUMENTS

2) DOUBLE JEOPARDY VIOLATION - PETITIONER WAS OVERCHARGED UNDER §924(c)

In order to determine whether consecutive 924(c) Sentences violate the Double Jeopardy Clause, "[t]he Court must concern itself with whether the underlying crimes of violence supporting the §924(c) charges are duplicative under a Double Jeopardy analysis. As long as the underlying crimes are not identical under the Blockburger analysis, the consecutive §924(c) sentences are permissible.

Our rule's justification is apparent from examining our decisions in US vs. Camps, 32 F3d 102 (4th Cir. 1994) and Luskin, 926 F2d 372 (4th Cir. 1991). In Camps, at 105, 'For sentencing purposes, however, these convictions were grouped, which resulted in only three §924(c) sentences. The first sentence was imposed for the use of an AK-47 during a December 23, 1989 ambush of a rival drug boss. ID at 103. The second sentence was imposed for a conviction for the use of an AK-47 and a conviction for the use of an UZI during another ambush on January 7, 1990. ID at 103-04. The third sentence was imposed for carrying five separate semi-automatic weapons that were seized from a van that the defendant was using to flee. ID at 104. Judge Lutting, writing for the Court, explained that for that case only, the Court accepted the Government's concession that multiple firearms carried at one time can result in only one §924(c) sentence. ID at 109, note 9. I would apply this rule to all cases where the different firearms relate to the same objective, have the same effect on the predicate crime, and are used or carried proximately in time.

In Camps, though each grouped 'use' was tied to the underlying drug conspiracy, each 'use' was directed towards a different objective of the conspiracy, occurred at different times, and had a different effect on the conspiracy.

In <u>Luskin</u>, three attempts, on three distinct occassions, each nearly two months apart, were sufficiently distinct to justify multiple sentences. <u>US vs. Khan</u>, 461 F3d 477, (4th Cir. 2006); See also: <u>US vs. King</u>, 270 Fed. Appx. 261 (4th Cir. 2008); <u>US vs. Robinson</u>, 461 F3d 477 (4th Cir. 2006); <u>US vs. Woods</u>, 271 Fed Appx. 338 (4th Cir. 2007).

Thus, in Petitioner's matter, the Court should evaluate the charges, and determine whether evidence shows that the multiple charges of §924(c) sentences given him, were in fact, all separate predicate offenses, or should they have been grouped, as in <u>Camps</u>, <u>Khan</u>, and <u>Luskin</u>. This Court should order the District Court to hold an evidentiary hearing to then determine that sentencing error that occurred herein.

## LEGAL ARGUMENTS

3) INADEQUATE NOTICE OF CHARGE - AMENDMENT OF INDICTMENT

In that, the Fifth Amendment to the United States Constitution provides for a right to indictment by Grand Jury, US Constitutional Amendment V; US vs. Floresca, 38 F3d 706, 709 (4th Cir. 1994)(en banc) The right is violated when the proof offered at trial permits a jury [or judge] to convict a defendant for a different offense than that which he was indicted. See US vs. Fletcher, 74 F3d 49, 53 (4th Cir. 1996)("When a defendant is convicted of charges not included in the indictment, an amendment has occurred which is reversible error.") US vs. Hamilton, 992 F2d 1126, 1130, note 5 (10th Cir. 1993).

As held in Floresca, "it is 'utterly meaningless' to posit that any rational Grand Jury **could** or **would** have indicted [the defendant]... because it is plain that this Grand Jury **did not**, and absent waiver, a Constitutional verdict cannot be had on an unindicted offense." 38 F3d 706, 712 (4th Cir. 1994)(en banc); See also: Stirone vs. US, 361 US 212, 215-16, 4 L.Ed.2d 252, 80 S.Ct. 270 (1960)("After an indictment has been returned its charges may not be broadened through amendment except by the Grand Jury itself"); ID at 217 ("[A] Court cannot permit a defendant to be tried on charges that are not made in the indictment against him"); Ex Parte Bain, 121 US 1, 30 L.Ed 849, 7 S.Ct. 781 (1887)(noting that the scope of an indictment is jurisdictional).

The sentence is limited by the indictment and the Jury's finding, See Apprendi, 120 S.Ct. at 2359, note 10. If quantity were an element of an aggravated offense, such an offense was not charged, and any sentence could not have been based on that offense.

In the Petitioner's matter, the cross-reference to a murder, one that was never indicted by the Grand Jury, thus no jury could or would

have established the necessary elements, which the charge must have had established to carry any cross-over, even with the preponderance of the evidence standard, used by the Judge, however, no evidence in a matter that the Grand Jury did not charge the Petite Jury to find was given at Trial, thus no evidence was on the record, no defense to this charge was made, since the Petitioner was **never advised by public notice, required by law, thus the Grand Jury Indictment requirement is that notice**, and Petitioner had no method of then placing on the record any evidence in his behalf, or witnesses. The Court, through its amending of the indicted chrges given it to seek by the Grand Jury, usurped its authority to make charges on sentencing not found by any jury determination. <u>Apprendi</u> has clearly stated that this is not permissible, and a Constitutional violation. This Court then should vacate that portion of the sentence.



James Moore
USP Allenwood
P.O. Box #3000
White Deer, P.A. #17887

NOV 24 2009

U.S. MARSHALS INSPECTED

MAILED FROM U.S. PENITENTIARY

41523-037

Clerks Office
U.S Court Of Appeals
1100east Main ST Suite
Richmond, VA - 23219
United States